UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SALVATORE JULIANO SOWELL,

      Plaintiff,

  v.                               Civil Action 2:25-cv-595
                                       Judge James L. Graham
                                       Magistrate Judge Chelsey M. Vascura

THE HUNTINGTON BANK,

      Defendant.

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Salvatore Juliano Sowell, an Ohio resident proceeding without the assistance of counsel, brings this action against Defendant Huntington Bank arising from several unauthorized deposits to and withdrawal from Plaintiff's checking account. Plaintiff has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

### II. ANALYSIS

Plaintiff alleges that in June and July 2022, several unauthorized deposits and withdrawals were made to and from his checking account held with Defendant Huntington Bank, which resulted in inaccurate account balances. (Compl., ECF No. 1-2.) Plaintiff further alleges that a Huntington Bank employee, Ms. Jasmin Roederer, aided and abetted the theft of Plaintiff's identity. (*Id.*)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. For a federal court to have

2

diversity jurisdiction pursuant to § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Here, Plaintiff has not identified any claims arising under federal laws or the United States Constitution to establish subject-matter jurisdiction under 28 U.S.C. § 1331. Plaintiff identifies no statute, regulation, or rule—federal or otherwise—that gives rise to his claims, and the Court is not aware of any federal authority governing the alleged conduct that would provide Plaintiff with a private right of action. *See*, *e.g.*, *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 528–29 (E.D. Ky. 2005) (federal bank fraud statute at 18 U.S.C. § 1344 does not provide individuals with a private right of action) (citing *Nashville Milk Co. v. Carnation Co.,* 355 U.S. 967 (1958)); *Moore v. Garner*, No. 2:19-CV-4032, 2019 WL 7050140, at *3 (S.D. Ohio Dec. 23, 2019) (federal identity theft statute at 18 U.S.C. § 1028 does not provide individuals with a private right of action) (collecting cases), *report and recommendation adopted*, 2020 WL 416083 (S.D. Ohio Jan. 27, 2020).

Nor can Plaintiff rely on diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction. Plaintiff does not allege the parties are citizens of different states.[1] Plaintiff therefore has not plausibly alleged that § 1332's diversity of citizenship requirement is satisfied.

In summary, because Plaintiff has not identified any federal statutory or constitutional provision under which his claims arise, and because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that diversity of citizenship is satisfied, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction **WITHOUT PREJUDICE** to filing the claims in state court.

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

---

[1] The undersigned also takes judicial notice under Federal Rule of Evidence 201 that Huntington Bank is headquartered in Ohio, making it a citizen of Ohio—as is Plaintiff—for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (corporations have the citizenship of any state in which they are incorporated and in which they have a principal place of business); *Von Dunser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir. 1990) (individuals have the citizenship of the state in which they are domiciled).

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE